10-1974-ag
Miah v. Holder

BIA
A077 560 113

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 23rd day of June, two thousand eleven.

PRESENT:
        JOSEPH M. McLAUGHLIN,
        BARRINGTON D. PARKER,
        DEBRA ANN LIVINGSTON,
            *Circuit Judges.*

_____

DOULAT MIAH
        *Petitioner,*

        v.                                    10-1974-ag
                                              NAC
ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,
        *Respondent.*

_____

FOR PETITIONER:        Evelyn Tossas Tucker and Millicent Y. Clarke, New York, New York.

FOR RESPONDENT:        Tony West, Assistant Attorney General; Leslie McKay, Assistant Director; Jessica Segall, Trial Attorney, Office of Immigration Litigation, Civil Division, United States Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Doulat Miah, a native and citizen of Bangladesh, seeks review of an April 23, 2010, order of the BIA denying his motion to reopen. *In re Doulat Miah*, No. A077 560 113 (B.I.A. Apr. 23, 2010). We assume the parties' familiarity with the underlying facts and procedural history in this case.

We review the BIA's denial of a motion to reopen for abuse of discretion. *Ali v. Gonzales*, 448 F.3d 515, 517 (2d Cir. 2006) (per curiam). When the BIA considers relevant evidence of country conditions in evaluating a motion to reopen, we review the BIA's factual findings under the substantial evidence standard. *See Jian Hui Shao v. Mukasey*, 546 F.3d 138, 169 (2d Cir. 2008).

Here, because Miah filed his motion to reopen more than ninety days after the BIA issued a final order of removal in his case, he was required to show changed circumstances in Bangladesh to excuse the untimely filing. *See* 8 U.S.C. § 1229a(c)(7)(C). Miah contends that he established changed country conditions because homosexuals are increasingly

2

persecuted in Bangladesh.

In support of this, he requests that we take judicial notice that Islamic fundamentalists have had a rising influence in Muslim majority countries since September 11, 2001, and that their anti-American sentiment has led to the increased persecution of homosexuals. While we may take judicial notice of indisputable historical events, Miah's claims are not indisputable. *Cf. Souleymane Niang v. Mukasey*, 511 F.3d 138, 149 (2d Cir. 2007) ("[T]his Court is not ignorant of indisputable historical events (such as the partition of India, the break-up of the Ottoman Empire, or the fall of Communist regimes in the Balkans). . . ." (quotations omitted)). Miah is asking us to review the BIA's decision not based on the record before the agency but on our general knowledge of world events. *Cf.* 8 U.S.C. § 1252(b)(4)(A) (providing that this Court must "decide the petition only on the administrative record on which the order of removal is based"). We decline to do so.

The BIA reasonably found that Miah did not establish changed country conditions. Although Miah submitted evidence detailing the mistreatment of homosexuals in Bangladesh, the BIA reasonably concluded that his evidence did not indicate *changed* conditions, but rather that

3

homosexuals have long suffered mistreatment in Bangladesh. *See In re S-Y-G-*, 24 I. & N. Dec. 247, 253 (B.I.A. 2007) ("[W]e compare the evidence of country conditions submitted with the motion to those that existed at the time of the merits hearing below."); *see also Jian Hui Shao*, 546 F.3d at 168. Moreover, the record does not compel the conclusion that the alleged rise of Islamic fundamentalism in Bangladesh has changed the circumstances for homosexuals. *See Jian Hui Shao*, 546 F.3d at 168 (noting that an alien must establish a change in circumstances). Accordingly, the BIA did not abuse its discretion in denying Miah's motion to reopen as untimely. *See* 8 U.S.C. § 1229a(c)(7)(C).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, Miah's pending motion for a stay of removal in this petition is DISMISSED as moot.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

4